UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,            CASE NO. 17-20652
                                   HON. DENISE PAGE HOOD
v.

GREGORY MOSELEY,

        Defendant.
                                             /

## ORDER GRANTING THE GOVERNMENT'S MOTION FOR ARREST WARRANT AND BOND REVOCATION [#26]

**I.    BACKGROUND**

On October 3, 2017, an Indictment was filed against Defendant Gregory Moseley ("Moseley"), charging him with Conspiracy to Commit Wire Fraud (Count I), Attempt to Use a Counterfeit Access Device (Count II), Aggravated Identity Theft (Count III), and Possession of Fifteen or More Unauthorized Access Devices (Count IV). (Doc # 1) On October 12, 2017, Moseley appeared for arraignment and a detention hearing on the Indictment. Magistrate Judge Majzoub ordered Moseley's release on a $10,000 unsecured bond with conditions. (Doc # 12; Doc # 13) Under the Order Setting Conditions of Release (Doc # 12), Moseley was prohibited from, among other things, violating federal, state, or local law, and

from using any false identification or any identification information of another person. (*Id.* at Pg. 1-3)

On January 31, 2018, Johnson was charged by Superseding Indictment with Conspiracy to Commit Wire Fraud (Count I), Attempt to Use a Counterfeit Access Device (Count II), Aggravated Identity Theft (Count III), Fifteen or More Unauthorized Access Devices (Count IV), Use of an Unauthorized Access Device (Count V), Use of an Unauthorized Access Device (Count VI), Possession of Device-Making Equipment (Count VII), and Production of a Counterfeit Access Device (Count VIII). (Doc # 24) Counts I-VI of the Superseding Indictment involve events that occurred from January 26, 2017 to September 20, 2017. Count VII and Count VIII were allegedly committed by Moseley on January 26, 2018, while he was released on bond. (Doc # 24, Pg. 6-7) The Superseding Indictment establishes probable cause for the offenses allegedly committed. *See United States v. Hazime*, 762 F.2d 34, 36-37 (6th Cir. 1985).

This matter is presently before the Court on the Government's Motion for Arrest Warrant and Bond Revocation, filed on February 1, 2018. (Doc # 26) To date, no response has been filed. For the reasons that follow, the Government's Motion is **GRANTED**.

## II. ANALYSIS

### A. Motion for Revocation of Detention Order

The Bail Reform Act, 18 U.S.C. § 3142, requires that a defendant be released pending trial unless there are no conditions that will reasonably assure the appearance of the person at future court proceedings and the safety of the community. *See* 18 U.S.C. § 3142(e). A court may, however, order detention of the defendant if the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. *See* 18 U.S.C. § 3142(f).

The Government requests the Court issue a warrant for Moseley's arrest and conduct a hearing to determine whether Moseley's pretrial release should be revoked in favor of an order of pretrial detention pursuant to 18 U.S.C. § 3148, which states:

(a) **Available sanctions.**--A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
(b) **Revocation of release.**--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release

3

and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--

(1) finds that there is--
   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
   (B) clear and convincing evidence that the person has violated any other condition of release; and
(1) finds that--
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

(a) **Prosecution for contempt.**--The judicial officer may commence a prosecution for contempt, under section 401 of this title, if the person has violated a condition of release.

The Superseding Indictment establishes probable cause that Moseley committed the offenses alleged in Count VII and Count VIII. The offenses occurred after Moseley was released on bond. The offenses alleged in Count VII and Count VIII are both serious felony offenses. In addition, the Order Setting Conditions of Moseley's Release (Doc # 12) expressly states that violating his conditions of release may result in the issuance of a warrant for his arrest and

4

revocation of his release. (*Id.* at Pg. 4) The Order also states that Mosely could receive an additional prison term of not more than ten years if he committed a felony while on release. (*Id.*) There is a rebuttal presumption that Moseley should be detained.

The Court notes that, on October 11, 2017, when Moseley appeared he indicated that his home address was on Evergreen Road in Southfield, Michigan, but on the day Pretrial Services was to review that address, Moseley gave a new home address on Lexington Parkway in Southfield, Michigan. Later, the Lexington Parkway address was the place searched pursuant to a search warrant on January 26, 2018, resulting in Counts VII and VIII of the Superseding Indictment occurring while Moseley was on pretrial release. During the execution of the search warrant on January 26, 2018, marijuana and a scale was found. Moseley's father and his father's friend also reside at the Lexington Parkway address. The Government also reported that Moseley was found on social media displaying a picture of himself with a gun in December 2017.

The Government's Motion is **GRANTED**.

## III. CONCLUSION

For the reasons set forth above,

The Government's Motion for Arrest Warrant and Bond Revocation (Doc # 26) is **GRANTED**.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: February 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 20, 2018, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager