# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 17-20652
                                   HON. DENISE PAGE HOOD

v.

GREGORY MOSELEY,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO REINSTATE BOND [#51]

### I. BACKGROUND

On October 3, 2017, an Indictment was filed against Defendant Gregory Moseley ("Moseley"), charging him with Conspiracy to Commit Wire Fraud (Count I), Attempt to Use a Counterfeit Access Device (Count II), Aggravated Identity Theft (Count III), and Possession of Fifteen or More Unauthorized Access Devices (Count IV). (Doc # 1) On October 12, 2017, Moseley appeared for arraignment and a detention hearing on the Indictment. Magistrate Judge Majzoub ordered Moseley's release on a $10,000 unsecured bond with conditions. (Doc # 12; Doc # 13) Under the Order Setting Conditions of Release, Moseley was prohibited from, among other

1

things, violating any federal, state, or local laws, and from using any false identification or any identification information of another person. (Doc # 12)

On January 31, 2018, Moseley was charged by Superseding Indictment with Conspiracy to Commit Wire Fraud (Count I), Attempt to Use a Counterfeit Access Device (Count II), Aggravated Identity Theft (Count III), Possession of Fifteen or More Unauthorized Access Devices (Count IV), Use of an Unauthorized Access Device (Count V), Use of an Unauthorized Access Device (Count VI), Possession of Device-Making Equipment (Count VII), and Production of a Counterfeit Access Device (Count VIII). (Doc # 24) Counts I-VI of the Superseding Indictment involve events that occurred from January 24, 2017 to September 20, 2017. Counts VII and VIII were allegedly committed by Moseley on January 26, 2018, while he was released on bond. (*Id.* at Pg ID 50-51.) On February 1, 2018, the Government filed a Motion for Arrest Warrant and Bond Revocation (Doc # 26), which was granted by the Court on February 20, 2018. (Doc # 32)

On June 7, 2018, Moseley pleaded guilty to Counts I, II, III, V, VI, and VII of the Superseding Indictment. (Doc # 42) The Court imposed a Judgment on January 22, 2019, and sentenced Moseley to be imprisoned for a total term of 36 months on Counts I, II, V, and VI, with the sentence to run concurrently as to each count. (Doc # 54, Pg ID 233) The Court sentenced Moseley to be imprisoned for a total term of 12 months on Count VII, with the sentence to run consecutively to the

sentence imposed on Counts I, II, V, and VI. (*Id.*) The Court also sentenced Moseley to be imprisoned for a total term of 24 months on Count III, with the sentence to run consecutively to the sentences imposed on Counts I, II, V, VI, and VII. (*Id.*) Following his imprisonment, Moseley will be on supervised release for a term of 36 months on Counts I, II, V, VI, and VII, with the sentence to run concurrently as to each count. (*Id.* at 234.) Moseley will also be on supervised release for a term of 12 months on Count III, with the sentence to run concurrently to all other terms of supervised release. (*Id.*)

On January 11, 2019, Moseley filed a Motion to Reinstate Bond. (Doc # 51) The Government did not file a response to Moseley's Motion. This Motion is currently before the Court.

## II.  ANALYSIS

In the instant Motion, Moseley relies on MCR 6.106(F) to support his request to have the Court reinstate bond so that he has the opportunity to self-surrender. However, MCR 6.106(F) is inapplicable at this stage because it addresses pretrial release. Moseley has already pleaded guilty to Counts I, II, III, V, VI, and VII of the Superseding Indictment. Moseley's Motion should have been brought forward under 18 U.S.C. § 3143(a), which pertains to release or detention pending sentencing. The Court will evaluate Moseley's request under 18 U.S.C. § 3143(a)

because Moseley's Motion was filed when he was awaiting the execution of his sentence.

Detention pending sentencing is governed by 18 U.S.C. § 3143(a). Under 18 U.S.C. § 3143(a), pending the imposition of sentence, a defendant shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released" on bond or other conditions pursuant to § 3142(b) or (c). *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988). There is a presumption against release and the burden is on the defendant to demonstrate reasons that justify release. *Id.* at 169. The decision to grant or deny such release is within the district court's discretion. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).

The Court previously revoked Moseley's pretrial bond after he committed serious felonious acts following his release. Moseley pleaded guilty to Count VII of the Superseding Indictment for a criminal act that he committed three months after he was released. Considering that Moseley's criminal acts involved fraudulent schemes such as counterfeiting and identity theft, the nature of those crimes suggest that Moseley possesses the ability to acquire the means to flee or do more harm to the community. Moseley has not provided the Court with clear and convincing evidence to support granting his request.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Gregory Moseley's Motion to Reinstate Bond (Doc # 51) is **DENIED**.

                                                    s/Denise Page Hood
                                                    DENISE PAGE HOOD
DATED: February 20, 2019           Chief Judge, U. S. District Court